UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81306-CIV-MARRA/JOHNSON

VINCENT POOLE,

    Plaintiff,

vs.

TRELLIANIE BRAY POOLE et al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING CASE

    This cause is before the Court sua sponte.

    On November 5, 2010, Plaintiff Vincent Poole ("Plaintiff"), proceeding pro se, filed his Complaint against numerous individual and corporate Defendants for breach of contract. (DE 1.)

    The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. GJR Investments, Inc., v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Pro se litigants are required to meet certain essential burdens in their pleadings. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). One of these burdens is the establishment of subject matter jurisdiction.

    "It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as

defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." <u>University of So. Ala. v. American Tobacco Co.</u>, 168 F.3d 405, 409 (11th Cir. 1999).  Subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim.  See <u>Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 292 F.3d 1334, 1336 (11th Cir. 2002); <u>see also</u> <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue <u>sua sponte</u>).  Accordingly, the Court's subject matter jurisdiction may be raised <u>sua sponte</u>.  See <u>American Tobacco</u>, 168 F.3d at 410.

While the Complaint alleges diversity jurisdiction, the Complaint does not allege any facts which allow this Court to find that the parties are diverse.  A review of the Complaint indicates that Plaintiff is resident in Florida and therefore is a citizen of this State.  Moreover, the exhibits attached to the Complaint reveal that at least three of the Defendants have Florida addresses and the limited liability corporation is a Florida entity.  For example, William Mersier's address is in Lauderdale Lakes, Florida; Yachtsman Properties, LLC is in Delray Beach, Florida and Trellanie Bray Poole and Maurice Poole are in Boynton Beach, Florida.  Thus, it appears that at least four of the Defendants are citizens of Florida.  If the plaintiff and <u>any</u> defendant are citizens of the same state, diversity jurisdiction does not exist.  See <u>MacGinnitie v. Hobbs Group, LLC</u>, 420 F.3d 1234, 1239 (11th Cir. 2005) ("complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff").  Based on this record, the Court cannot satisfy itself that diversity jurisdiction exists in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Complaint is **DISMISSED**.  If Plaintiff wishes to proceed with this claim, he must do so in a Florida State

court. The clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of November, 2010.

_____
KENNETH A. MARRA
United States District Judge